IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCE PHYSICAL MEDICINE OF YORKVILLE, LTD., | ) ) ) | |
| Plaintiff, | ) ) | No. 22-cv-02979 |
| v. | ) ) | Judge Andrea R. Wood |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Advanced Physical Medicine of Yorkville, Ltd. ("Advanced Physical") provided chiropractic treatment to Jack Slavin and submitted claims to Slavin's health benefits plan for payment. Advanced Physical alleges that Defendants Cigna Health and Life Insurance Company ("Cigna"), American Specialty Health Group, Inc. ("American Specialty"), and Ritchie Bros. Auctioneers (America), Inc. ("Ritchie Bros.") failed to pay the amount owed on the claims and, in Cigna's case, also failed to provide documents that Advanced Physical requested. As a result, Advanced Physical has sued Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendants all have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12. For the reasons stated below, Cigna's and American Specialty's motions are granted, and Ritchie Bros.'s motion is granted in part and denied in part.

### BACKGROUND

The following facts are taken from Advanced Physical's First Amended Complaint ("FAC"). (Dkt. No. 14.) The Court also references the following documents: the agreement

assigning Slavin's rights to Advanced Physical ("Assignment Form") and the agreement naming Advanced Physical as Slavin's "authorized representative" ("Authorization Form") (FAC, Ex. 1 ("Assignment and Authorization Forms"), Dkt. No. 14-1); the Summary Plan Description ("SPD") (Cigna Mot. to Dismiss, Ex. 1 ("SPD"), Dkt. No. 26-1); and Advanced Physical's letter to Cigna dated July 15, 2021 (FAC, Ex. 4 ("July 15, 2021, Letter"), Dkt. No. 14-4).[1] For purposes of the motions to dismiss, the Court accepts as true Advanced Physical's well-pleaded allegations and draws all reasonable inferences in its favor as the non-moving party. *Bronson v. Ann & Robert H. Lurie Child.'s Hosp. of Chi.*, 69 F.4th 437, 448 (7th Cir. 2023).

Advanced Physical provided chiropractic treatment and related services to Slavin over the course of seventeen appointments between August 14, 2020, and December 30, 2020. (FAC ¶ 13.) The services fell within the scope of Slavin's health benefits plan ("Plan"). (*Id.*) The same day as Slavin's first appointment, Advanced Physical procured the Assignment Form as well as the Authorization Form. (Assignment and Authorization Forms at 1, 3.)[2] Under the Assignment Form, Slavin "assign[ed] and convey[ed] directly to [Advanced Physical] all medical benefits

---

[1] No party disputes that the Court may, at the motion-to-dismiss stage, consider the Assignment and Authorization Forms, as well as the July 15, 2021, letter to Cigna, all of which Advanced Physical attaches as exhibits to the FAC and references therein. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Further, even though the SPD is not an exhibit to the FAC, the parties rely on it extensively. American Specialty and Ritchie Bros., like Cigna, attach it as an exhibit to their motions to dismiss (Dkt. Nos. 27-1, 29-1), and Advanced Physical repeatedly references the SPD in its response briefs (Dkt. Nos. 30, 31). The Court likewise considers the SPD, as it is "certainly part" of the health benefits plan, *Advanced Physical Medicine of Yorkville, Ltd. v. Blue Cross & Blue Shield of Nebraska*, No. 21 C 1786, 2022 WL 2064855, at *2 (N.D. Ill. June 8, 2022), and the health benefits plan undergirds the entire case. *See Dean v. Nat'l Prod. Workers Union Severance Tr. Plan*, 46 F.4th 535, 543 (7th Cir. 2022) ("A district court may consider documents attached to a motion to dismiss if the documents are referenced in the plaintiffs' complaint and are central to the claim.").

[2] It appears that Slavin was a minor during the relevant period. He qualified for coverage under the Plan through his father (*id.* at 2), and his mother signed the Assignment Form on his behalf (*id.* at 1). (The signature on the Authorization Form is more difficult to identify. (*See id.* at 3.)) In any case, Defendants do not contest the legitimacy of the Assignment and Authorization Forms, just their enforceability.

and/or insurance reimbursement, if any, otherwise payable to [him] for" Advanced Physical's services, along with his corresponding "claim[s]" under ERISA. (*Id.* at 1.) Separately, the Authorization Form appoints Advanced Physical as Slavin's "authorized representative." (*Id.* at 2.) This arrangement allows Advanced Physical to "act on [Slavin's] behalf" with respect to, for example, "filing suit against [his] insurance plan for ERISA violations." (*Id.*)

The present dispute turns in significant part on whether the Assignment and Authorization Forms comply with the requirements of the SPD. Specifically, the SPD contains an anti-assignment provision ("Anti-Assignment Provision") that reads:

> You may not assign to any party, including but not limited to, a provider of health care services/items, your right to benefits under this Plan, nor may you assign any administrative, statutory, or legal rights or causes of action you may have under ERISA, if ERISA is applicable, including but not limited to, any right to make a claim for Plan benefits, to request Plan or other documents, to file appeals of denied claims or grievances, or to file lawsuits under ERISA, if ERISA is applicable. Any attempt to assign such rights shall be void and unenforceable under all circumstances.

(SPD at 54.) The SPD adds that, even though a beneficiary may "authorize payment of any health care benefits under this Plan to a Participating Provider or a provider who is not a Participating Provider," such "discrete authorization" does not permit the "assign[ment] [of] any other rights under this Plan to any party." (*Id.*)

Acting as Slavin's "authorized representative" per the Authorization Form, Advanced Physical submitted seven claims to Cigna. (FAC ¶¶ 13–14.) The SPD describes Cigna as the "benefits administrator." (*E.g.*, SPD at 40.) Under the SPD, the plan administrator delegates to Cigna "the discretionary authority to interpret and apply Plan terms and to make factual determinations in connection with its review of claims under the Plan," such as deciding "whether a person is entitled to benefits under the Plan and comput[ing] . . . any and all benefit payments." (*Id.* at 9.) In connection with that role, Cigna "utilize[s]" American Specialty as a

3

"third-party claims processor." (FAC ¶ 7.) But ultimately, Ritchie Bros., the employer, "self-fund[s]" the "medical and drug benefits" and is "fully responsible" for them. (SPD at 9.) Indeed, the SPD clarifies that "Cigna does not insure or guarantee the self-funded benefits." (*Id.*)

In response to Advanced Physical's seven claims, Cigna—working with American Specialty (FAC ¶ 7)—denied two as duplicative, paid the incorrect amount on three, and failed to properly process the other two. (*Id.* ¶¶ 14–16.) On May 27, 2021, Advanced Physical submitted its first appeal (*id.* ¶ 17) and sent Cigna a request for certain documents related to the Plan (July 15, 2021, Letter at 7). Advanced Physical received no response from Cigna or American Specialty, so it submitted two more appeals. (FAC ¶¶ 18–20.) When this case was filed, the third appeal remained outstanding (*id.* ¶ 22), and Cigna had yet to send Advanced Physical the bulk of the requested material. (*Id.* ¶¶ 21–22.)[3] Finally, the amount still due on the seven claims totaled $2,419.09. (*Id.* ¶ 23.)

Advanced Physical claims that each Defendant is liable under 29 U.S.C. § 1132(a)(1)(B) for the $2,419.09 in outstanding benefits. Additionally, Advanced Physical asserts a claim for statutory penalties under § 1132(a)(1)(A) against Cigna, citing its ongoing lack of compliance with Advanced Physical's document request.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "need not accept as true statements of law or unsupported conclusory factual allegations." *Lax v.*

---

[3] Advanced Physical states that Cigna's response to the document request is attached to the FAC as "Exhibit F." (*Id.* ¶ 21.) But its filing includes no such exhibit. The missing document does not affect the Court's disposition.

4

*Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021) (internal quotation marks omitted). In addition, "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Here, the motions to dismiss challenge whether Advanced Physical is a proper plaintiff, and whether Cigna and American Specialty are proper defendants. First, Defendants each argue that the Anti-Assignment Provision in the SPD invalidates the Assignment Form, such that Advanced Physical cannot pursue relief for Slavin's claims. Second, Cigna and American Specialty contend that they are not the types of entities that can be held liable under either § 1132(a)(1)(A) or § 1132(a)(1)(B).

## I. Whether Advanced Physical is a Proper Plaintiff

To determine whether Advanced Physical is a proper plaintiff, the Court must determine the extent to which the Anti-Assignment Provision prevents Advanced Physical from asserting Slavin's ERISA claims.

### A. Scope of Anti-Assignment Provision

Advanced Physical cites the Assignment Form and the Authorization Form as support for its ability to assert Slavin's ERISA claims. As to the former, the question of whether an assignment may be enforced arises often in the ERISA context. *E.g.*, *John Muir Health v. Health Care Serv. Corp.*, No. 22-CV-6963, 2023 WL 4707430, at *3–4 (N.D. Ill. July 24, 2023). "[C]laims for welfare benefits . . . are assignable, provided of course that the ERISA plan itself permits assignment . . . ." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002). Indeed, a valid assignment allows the assignee to sue to recover unpaid benefits and to enforce statutory penalties—the two types of claims that Advanced Physical raises here. *Griffin*

*v. TeamCare*, 909 F.3d 842, 846–47 (7th Cir. 2018). But "ERISA instructs courts to enforce strictly the terms of plans," including anti-assignment provisions. *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). Courts must "interpret a plan's terms in an ordinary and popular sense as would a person of average intelligence and experience and resolve ambiguities by referring to the federal common law rules of contract interpretation." *Dean v. Nat'l Prod. Workers Union Severance Tr. Plan*, 46 F.4th 535, 543 (7th Cir. 2022) (internal quotation marks omitted).

Applying these principles, there can be no doubt that the Anti-Assignment Provision on its face invalidates Slavin's purported assignment of his rights to Advanced Physical by means of the Assignment Form. Under the Assignment Form, Slavin purportedly "assign[ed] and convey[ed]" his ERISA claims to Advanced Physical (Assignment and Authorization Forms at 1); yet under the Anti-Assignment Provision, a beneficiary cannot "assign to any party" any ERISA "causes of action" (SPD at 54). Thus, the Assignment Form and the Anti-Assignment Provision are in direct conflict. In this situation, the Court must enforce the SPD over the Assignment Form. *Kennedy*, 924 F.2d at 700.

The enforceability of the Authorization Form, however, is another matter. Under the Authorization Form, Advanced Physical can "act on [Slavin's] behalf" as his "authorized representative," including by filing a civil lawsuit for ERISA violations. (Assignment and Authorization Forms at 2.)[4] In essence, the agreement grants Advanced Physical power of

---

[4] Specifically, the Authorization Form describes Advanced Physical's ability to "fil[e] suit against [Slavin's] insurance plan for ERISA violations." (Assignment and Authorization Forms at 2.) But the Authorization Form is also clear that it applies to "[a]ll appeals" and not just the one example of suing the actual plan. (*Id.*) Somewhat similarly, 29 C.F.R. § 2560.503-1(b)(4) allows an "authorized representative" to "act[] on behalf of [a] claimant in pursuing a benefit claim or appeal of an adverse benefit determination." But that regulation only covers administrative appeals. *Advanced Physical Med. of Yorkville, Ltd. v. SEIU Healthcare IL Home Care & Child Care Fund*, No. 22 C 2976, 2023 WL 2161664, at *4 (N.D. Ill. Feb. 22, 2023). The Authorization Form's explicit description of Advanced

attorney. *See Shah v. Sheth*, No. 19 C 2185, 2019 WL 3943679, at *3 (N.D. Ill. Aug. 21, 2019) ("A power of attorney is a written instrument whereby the principal appoints the attorney-in-fact as agent and confers on the attorney-in-fact the authority to perform acts on behalf of the principal." (internal quotation marks omitted)). And as relevant here, a grant of power of attorney differs from an assignment in a key respect: an assignment transfers actual ownership of the assignor's rights to the assignee, meaning that, were the Assignment Form enforceable, it would allow Advanced Physical to bring Slavin's claims as if they were its own. *E.g.*, *Owsley v. Gorbett*, 960 F.3d 969, 970 (7th Cir. 2020). On the other hand, granting power of attorney does not "confer a legal title to the claims." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). So, to the extent Advanced Physical purports to bring these claims as an "authorized representative" pursuant to the Authorization Form, rather than as an assignee, the claims still belong to Slavin.

Given this distinction between the two types of agreements, an enforceable "anti-assignment clause" does not necessarily prevent a beneficiary from "grant[ing] a valid power of attorney." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018). In fact, that is the exact function of the SPD here. Although the Anti-Assignment Provision unambiguously prohibits agreements that transfer actual ownership of a claim—*i.e.*, assignments—it does not reference any bar against granting power of attorney. (SPD at 54.) To the contrary, a separate provision in the SPD contemplates "a representative or provider designated by [the beneficiary] to act on [his] behalf" bringing "a civil action under ERISA." (*Id.*

---

Physical bringing a civil lawsuit indicates Advanced Physical's authority as "authorized representative" is not limited to the same degree.

7

at 44, 48.) The SPD therefore endorses Advanced Physical litigating these claims in its role as "authorized representative."

In short, the Anti-Assignment Provision is of limited effect. It does invalidate Slavin's purported assignment of his rights through the Assignment Form. But Slavin retains ownership of his claims and can authorize another party to act on his behalf with power of attorney. *Am. Orthopedic & Sports Med.*, 890 F.3d at 455. Slavin did so here through the Authorization Form, which is valid under the SPD. As such, Advanced Physical may bring these claims on Slavin's behalf as his "authorized representative."

### B. Federal Rule of Civil Procedure 17

Advanced Physical leans heavily on the Authorization Form as permitting this suit. But that contention introduces a new problem. Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "[T]he 'real party in interest'" for purposes of Rule 17 is "the person who possesses the right or interest to be enforced through litigation." *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010); *see also Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008) (noting that some courts have compared Rule 17 to the "prudential-standing limitation . . . that a litigant cannot sue in federal court to enforce the rights of third parties"). With respect to federal claims, such as ERISA claims, federal law determines "whether an action can be maintained in the plaintiff's name" under Rule 17. *Rawoof*, 521 F.3d at 756.

To the extent Advanced Physical is acting as Slavin's "authorized representative," its claims are really Slavin's claims. *W.R. Huff Asset Mgmt. Co., LLC*, 549 F.3d at 109. Yet Slavin himself is not a party in this action. In addition, although Rule 17 names certain types of parties that "may sue in their own names without joining the person for whose benefit the action is

8

brought," none encompass the role of "authorized representative" as described in the Authorization Form. *See* Fed. R. Civ. P. 17(a)(1) (listing "an executor," "an administrator, "a guardian," "a bailee," "a trustee of an express trust," "a party with whom or in whose name a contract has been made for another's benefit," and "a party authorized by statute"); *see also Shah*, 2019 WL 3943679, at *5 (reasoning that a party with power of attorney could not bring the action under its own name). Thus, Rule 17 does not allow Advanced Physical independently to assert Slavin's claims on his behalf, even if the recovered funds would ultimately serve its own benefit. *See Illinois v. Life of Mid-Am. Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986) ("The real party in interest is the one who by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." (internal quotation marks omitted)). Whether Advanced Physical itself has standing as a constitutional matter does not change the analysis; standing and Rule 17 entail similar but separate inquiries. *AP Siding & Roofing Co. v. Bank of N.Y. Mellon*, 548 B.R. 473, 483 (N.D. Ill. 2016).[5]

Rule 17 requires the Court to allow "a reasonable time" for Slavin "to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). At that point, the action will "proceed[] as if" Slavin had "originally commenced" it. *Id.* Accordingly, Advanced Physical will have 21 days to file a motion to ratify, join, or substitute Slavin into this action as the real party in interest.

### C. Scope of 29 U.S.C. § 1132(a)(1)

Finally, ERISA arguably imposes a separate hurdle to Advanced Physical's ability to act on Slavin's behalf. Section 1132(a)(1) states that only a "participant or beneficiary" may bring claims under § 1132(a)(1)(A) or § 1132(a)(1)(B), which are the two provisions upon which

---

[5] Unlike standing, an objection under Rule 17(a) "is a defense subject to waiver." *RK Co.*, 622 F.3d at 850. Here, all Defendants raise arguments concerning Advanced Physical's capacity to serve as Plaintiff. And American Specialty references Rule 17(a) multiple times. There is no waiver issue.

Advanced Physical relies. So, the Court must determine whether Advanced Physical would be a proper party under § 1132(a)(1), even assuming Slavin is timely named as the real party in interest pursuant to Rule 17. *See Penn. Chiropractic Ass'n v. Indep. Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 928 (7th Cir. 2015) (explaining that this inquiry does not involve standing but rather asks "whether [the] claim comes within the zone of interests regulated by a specific statute").

To be sure, Slavin could raise such claims on his own behalf as a beneficiary. *See* 29 U.S.C. § 1002(8) (defining "beneficiary"). But Advanced Physical is not a beneficiary. Nor is it a participant. *See id.* § 1002(7) (defining "participant"). Citing these principles, one court in this District has concluded that—even though the beneficiary had been named as a party consistent with Rule 17— ERISA does not "allow[] an authorized representative to file suit on behalf of a participant or beneficiary." *OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan*, 671 F. Supp. 3d 888, 892 (N.D. Ill. 2023); *see also*, *LB Surgery Ctr., LLC v. Boeing Co.*, No. 17 C 282, 2017 WL 5171222, at *4 (N.D. Ill. Nov. 8, 2017) ("[E]ven treating LB Surgery as the beneficiaries' authorized representative, LB Surgery still does not qualify as a beneficiary under § 1132(a)(1)(B) so as to be entitled to bring suit under ERISA.").

This Court respectfully disagrees. Granted, § 1132(a)(1) does not list "authorized representatives" or any similar entities as viable plaintiffs. But § 1132(a)(1) also does not list "assignees," and assignees undoubtedly may pursue relief under the statute as long as the assignment is valid. *Griffin*, 909 F.3d at 846–47. It is difficult to square that precedent with a rule that an entity possessing valid power of attorney cannot qualify under § 1132(a)(1). If anything, allowing Advanced Physical to bring this suit as Slavin's "authorized representative" would more closely align with the terms of § 1132(a)(1) than cases brought by assignees because Slavin, the beneficiary, would retain ownership of his claims. *W.R. Huff Asset Mgmt. Co., LLC*,

10

549 F.3d at 109. Further, ERISA suits such as this one operate in a healthcare context. In such a context, it is likely that some beneficiaries would want and need to grant power of attorney so other parties can vindicate their rights on their behalf. *See Am. Orthopedic & Sports Med.*, 890 F.3d at 455 (explaining that applying an anti-assignment clause to broadly prohibit grants of power of attorney would be "particularly ill-suited for the healthcare context where patients must rely on their agents when they anticipate even short-term incapacitation after medical procedures and where those who anticipate longer-term unavailability . . . depend on their designated agents to handle their medical claims and other affairs in their absence" (citation omitted)).

As such, the limited class of proper plaintiffs under § 1132(a)(1) may include Advanced Physical acting on Slavin's behalf through its role as his "authorized representative." Yet, for the reasons explained above, Slavin must first be named as the real party in interest per Rule 17(a).

II.     **Whether Cigna and American Specialty are Proper Defendants**

Even if Advanced Physical is ultimately allowed to continue litigating these claims, Cigna and American Specialty contend that they must be dismissed as defendants. Advanced Physical asserts a claim against Cigna under 29 U.S.C. § 1132(a)(1)(A)—regarding its alleged failure to comply with document requests—and against all Defendants under § 1132(a)(1)(B)—regarding their alleged failure to pay benefits. According to Cigna and American Specialty, they cannot be held liable for either claim because they are not the proper defendants.

Beginning with § 1132(a)(1)(B), the Seventh Circuit has held that "a cause of action for 'benefits due' must be brought against the party having the obligation to pay." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013). "Typically the plan owes the benefits and is the right defendant." *Id.* An exception arises, however, in certain scenarios involving "third-party payors," such as "[w]hen an employee-benefits plan is implemented by insurance

11

and the insurance company decides contractual eligibility and benefits questions and pays the claims." *Id.*

That exception is not applicable here. Despite Advanced Physical's cursory suggestion that Cigna had some obligation to pay the claims, the language of the SPD indicates otherwise. *See N. Am. Elite Ins. Co. v. Menard Inc.*, 491 F. Supp. 3d 333, 338 (N.D. Ill. 2020) ("The [c]ourt is not bound by a plaintiff's characterization of an exhibit and may independently examine the document to form its own conclusions."). Indeed, the SPD is quite clear: The Policy is "self-funded" by Ritchie Bros., and Ritchie Bros. is "fully responsible for the self-funded benefits." (SPD at 9.) Cigna "does not insure or guarantee the self-funded benefits." (*Id.*) Cigna is the claims administrator—or in the words of the SPD, the "benefits administrator" (*id.* at 40)—not the party with "the obligation to pay." *Larson*, 723 F.3d at 913. And the FAC itself alleges that American Specialty is a mere "third-party claims processor utilized by [Cigna] to process claims under the Plan." (FAC ¶ 7.) As a result, neither Cigna nor American Specialty are proper defendants for Advanced Physical's § 1132(a)(1)(B) claims. *E.g.*, *Advanced Physical Med. of Yorkville, Ltd. v. Cigna Health & Life Ins. Co.*, No. 22-CV-02982, 2023 WL 5830791, at *4 (N.D. Ill. Sept. 8, 2023).

Advanced Physical cannot bring its § 1132(a)(1)(A) claims against Cigna or American Specialty for similar reasons. Section 1132(a)(1)(A) imposes liability pursuant to § 1132(c), and § 1132(c)(1)(B) in turn permits a "maximum permissible penalty" of "$110 per day" for failure to provide a participant's or beneficiary's requested documents related to the plan. *Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 793 (7th Cir. 2009); *see also* 29 C.F.R. § 2575.502c-1 (increasing the fine to $110). But this statutory penalty applies exclusively to "the plan

administrator;" "other parties, including claims administrators," are not "liable for the failure to supply participants with the plan documents they seek." *Mondry*, 557 F.3d at 794.

Again, Cigna is a claims administrator, not a plan administrator. Therefore, it is not liable under this provision. *E.g.*, *Advanced Physical Med. of Yorkville, Ltd.*, 2023 WL 5830791, at *5. Further, the FAC does not even assert a § 1132(a)(1)(A) claim against American Specialty (or Ritchie Bros.). Yet in its response brief, Advanced Physical suggests that American Specialty should be liable under § 1132(a)(1)(A) due to its relationship with Cigna. A party cannot assert a new claim via response brief. *Joyce v. Morgan Stanley & Co.*, 538 F.3d 797, 801 (7th Cir. 2008). And regardless, American Specialty would not be subject to liability for such a claim because it, like Cigna, is not the plan administrator. *Mondry*, 557 F.3d at 794.

Accordingly, neither Cigna nor American Specialty are proper defendants for the claims under § 1132(a)(1)(A) and § 1132(a)(1)(B). They are dismissed with prejudice. *Cf. Berry v. Bd. of Trs. of Univ. of Ill.*, No. 23 CV 01410, 2024 WL 809092, at *6 (N.D. Ill. Feb. 27, 2024) (granting a dismissal with prejudice when the defendant could not "be liable under the statute").

## CONCLUSION

For the reasons discuss above, the motions to dismiss filed by Cigna and American Specialty are granted, and the motion to dismiss filed by Ritchie Bros. is granted in part and denied in part. Advanced Physical cannot bring Slavin's claims as his assignee in light of the unambiguous Anti-Assignment Provision in the SPD. That said, consistent with both the SPD and 29 U.S.C. § 1132(a)(1), Advanced Physical may be able to bring the claims as Slavin's "authorized representative" as outlined in the Authorization Form. Before proceeding further, however, Slavin must be properly added as the real party in interest pursuant to Federal Rule of

13

Civil Procedure 17. In addition, the clams against Cigna and American Specialty are dismissed with prejudice because they are not proper defendants for either claim.

ENTERED:

Dated:  September 29, 2024

_____
Andrea R. Wood
United States District Judge